Jonah Ortiz
Register No. 85893-198
U.S. Penitentiary
3901 Klein Boulevard
Lompoc, Calif., 93436

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
APR 24 2008
at __ o'clock and 45 min. A M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> JONAH MELQUIADES ORTIZ, <br> Defendant. | Criminal Case No. 02-00522 HG <br><br> MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) |

### DEFENDANT JONAH ORTIZ'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. SECTION 3582(c)(2)

Defendant Jonah Ortiz ("Ortiz") hereby moves under 18 U.S.C. § 3582(c)(2) that this Court order his sentence modified for the reasons set forth herein or, in the alternative, to conduct an evidentiary hearing to determine same.

#### FACTUAL BACKGROUND

Defendant Ortiz was arrested in January 2002 and, thereafter, charged for conspiracy to possess and distribute methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1).

Pursuant to a plea agreement the defendant entered a guilty plea to conspiring to distribute methamphetamine and, in April 2004,

the Court sentenced Ortiz to a 144 month term of imprisonment to be followed by a 5 year term of supervised release.

Defendant did not take an appeal in this matter and, save for the instant motion, he knows of no other proceedings pending in this or any other venue in connection with this case.

## JURISDICTION

As a court of limited jurisdiction, a federal court must be statutorily authorized to modify a previously imposed sentence. This Court may modify a sentence under 18 U.S.C. § 3582(c)(2) if the United States Sentencing Commission promulgates an amendment to the sentencing guidelines pursuant to 28 U.S.C. § 994(o) which clarifies a guidelines meaning. See, 18 U.S.C. § 3582(c)(2).

## INTRODUCTION

Pursuant to its authority under 28 U.S.C. § 994(o), the U.S. Sentencing Commission has once again reviewed, revised and promulgated amendments clarifying the sentencing guidelines and its commentary. Effective November 1, 2007, the U.S. Sentencing Commission adopted amendment 709 which modified § 4A1.2(c)(1) to exclude relatively minor criminal conduct from being counted in a defendant's criminal history score.

## ARGUMENT

The defendant contends that amendment 709 clarifies the manner in which a defendant's criminal history score is computed under § 4A1.2(c)(1) and, as amended, § 4A1.2(c)(2) removes from

2.

consideration misdemeanor(s) that had been previously counted when calculating his criminal history score and, in doing so, will result in a reduction of the defendant's criminal history score by one category.

The defendant's Presentence Investigation Report ("PSR"), adopted by this Court, computed the defendant's Criminal History Category Score as being a IV. Significantly, this criminal history calculation included one-point the defendant received for "driving while under the influence" of alcohol, merely a Municipal Court infraction, for which he received a five (5) day jail sentence and a $500 fine.

Subsection (c)(2) of §4A1.2 sets forth a non-exclusive list of offenses that should not be counted towards an offender's criminal history category depending on the specific circumstances of the offense:

> "(c)(1): Sentences for the following prior offenses similar to them, by whatever name they are known, are counted only if (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least 30-days, or (B) the prior offense was similar to an instant offense."

Section 4A1.2(c)(2) references offenses and "offenses similar to them, by whatever name they are known are never counted."

The determination of whether a prior misdemeanor offense should be included in the computation of defendant's criminal history depends on whether that offense is "similar" to one of the listed excluded offenses, or whether the activity underlying the misdemeanor is similar to the activities underlying any of the listed offenses. See, e.g., **United States v. Martinez**, 69 F.3d 999, 1000 (9th Cir. 1995).

Application Note 12(A) to § 4A1.2(c), adopts a "common sense approach" to determine whether a non-listed offense is similar to a listed one, including "(i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) elements of the offense; (iv) level of culpability, and (v) the degree to which the commission of the offense indicates a likelihood of reoccurring criminal conduct."

This Circuit has defined two tests for determining whether a prior offense is similar to one of the offenses listed in §4A1.2(c). In **United States v. Martinez (Clyde)**, 905 F.2d 251, 255-56 (9th Cir. 1990), the panel relied on a three factor test to find that a prior conviction for public indecency was not "similar" to any §4A1.2(c)(2) excluded offense. The three factors considered were (1) whether society has an interest in punishing the conduct involved and discouraging its repetition; (2) whether the conduct involved in the prior offense is uniformly criminalized, and if so, whether the penalty is light; and (3) whether the prior offense offers a basis for predicting future significant criminal activity by the defendant. In **United States v. Cordoza**, 69 F.3d 999, 1001 (9th Cir. 1995), a different reviewing panel advocated examining only whether the conduct at issue is akin to the underlying conduct of any of the excluded offenses.

Other Circuits have weighed in with similar conclusions without formally articulating a test, see, e.g., **United States v. Horton**, 158 F.3d 1227 (11th Cir. 1998); **United States v. Norman**, 129 F.3d 1393 (10th Cir. 1997); **United States v. Cox**, 934 F.2d 1114

(10th Cir. 1991); <u>United States v. Wilson</u>, 927 F.2d 1188 (11th Cir. 1991) and without explicitly commenting on the tests used by other circuits. And the Eighth Circuit, in <u>United States v. Mitchell</u>, 941 F.2d 690, 691 (8th Cir. 1991), held that "similar" is to be given its "normal" or dictionary meaning.

Accordingly, most Circuits, while differing minimally in their application, have ben uniform in citing fair-minded common sense qualities to determine "similarity", <u>i.e.</u>, whether the conduct at issue is akin to the underlying conduct of any of the excluded offenses, and a comparison of the listed and prior offenses in respect to their relative seriousness.

Applying the foregoing criteria, the defendant's prior misdemeanor offense should not be counted in his criminal history computation. The conduct "at issue", namely "public intoxication", is, at its core, fundamental to both a listed "excluded" misdemeanor and, moreover, the instant misdemanor. <u>See</u> USSG 4A1.2(c)(2). Here, we have a victimless crime that is arguably less serious than "resisting arrest", failure to obey a police officer, "reckless driving" and disturbing the peace -- all of which are excluded under the amended §4A1.2(c)(1). Either way, subtracting the one criminal history point that the defendant received would lower his criminal history category from level IV to III.

The district court should be given an opportunity to rule on this issue within the context of the new amendment, <u>id.</u>, and the expanded sentencing discretion it now possess under 18 U.S.C. section 3553(a).

5.

## BOOKER APPLIES TO 18 U.S.C. § 3582(c)(2) PROCEEDINGS

The Ninth Circuit has held that the Supreme Court's decision in **Booker v. United States**, 543 U.S. 220 (2005) is applicable to a motion brought under 18 U.S.C. § 3582(c)(2). See, **United States v. Hicks**, 472 F.3d 1167 (9th Cir. 2007).

Because the Sentencing Commission has made a change to the guidelines applicable to defendant, the Court, in its discretion, may impose a non-guidelines sentence, **Hicks**, 472 F.3d at 1171, if the Court were to reopen the defendant's sentencing proceedings.

Section 3582(c)(2) permits the Court to reduce a defendant's sentence after considering the section 3355(a) factors "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See, **Hicks**, 472 F.3d at 1172.

According to **Hicks**, none of these policy statements are applicable to the question of whether, after **Booker**, a Court can go below the Guidelines' minimum when modifying a sentence under § 3582(c)(2). Alternatively, even if the Guidelines policy statements are read to address this question, they do not prohibit the application of the Guidelines in an advisory fashion. "[U]nder **Booker**, to the extent that the policy statements would have the effect of making the Guidelines mandatory (even in the restricted context of §3582(c)(2)), they must be void," **Hicks**, 472 F.3d at 1172, and, to the extent the policy statements "are inconsistent with **Booker** by requiring that the Guidelines be treated as mandatory, the policy statements must give way." Id., at 1173.

6.

Thus within the meaning of Hicks, the Court has the discretion to reduce the defendant's criminal history category score to III; with a resulting lower advisory guideline range, which the court could in turn rely upon to lower defendant's sentence to the applicable "mandatory minimum" sentence of 120 months.

## CONCLUSION

Defendant asserts that his inclusion within the parameters of the new amendment address and rectify the underlying causes of this new promulgation, namely that (1) the misdemeanor is not serious enough to warrant increased punishment upon sentencing for a subsequent offense; (2) the presence of the misdemeanor affects the sentence imposes in a disproportionate manner; and (3) that the amendment, considered as a whole, will reduce jurisdictional problems in defining misdemeanors and their inconsistent application(s).

This Honorable Court should be given an opportunity to rule on this issue within the context of the new amendment, and the expanded sentencing discretion afforded it pursuant to § 3553(a).

For the reasons adduced herein, defendant prays this Honorable Court will grant this Motion, or in the alternative, hold a proper evidentiary hearing to determine same.

Date: April 12, 2008                                Respectfully submitted,

                                                    Jonah Ortiz
                                                    Reg. No. 85893-198

## CERTIFICATE OF SERVICE

I, Jonah Ortiz, certify that I have caused a copy of the enclosed **Motion for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)** to be served upon counsel for the respondent by first-class mail, postage prepaid, in an envelope addressed to:

> Office of U.S. Attorney
> District of Hawaii
> PJKK Fed. Bldg.
> 300 Ala Moana Blvd.
> Honolulu, HI 96850

by delivering same to the institution officer assigned responsibility for handling outgoing "C" Unit legal mail on this 16th of April, 2008.

_____
Jonah Ortiz