IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. No. 02-00522 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JONAH MELQUIDAS ORTIZ, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT JONAH MELQUIDAS ORTIZ'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**
**AND**
**DENYING AS MOOT REQUEST FOR EXTENSION OF TIME AND APPOINTMENT OF COUNSEL**

Defendant Ortiz pled guilty to Count 1 of the Indictment for conspiracy to distribute and possess with intent to distribute 500 grams or more of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, and the Court sentenced him to a total term of imprisonment of 188 months. The Court entered Judgment on April 19, 2004 ("Judgment", Doc. 22.)

According to the presentence report ("PSR"), Defendant had two prior convictions which were countable for United States Sentencing Guideline criminal history purposes. The first conviction was for negligent injury in the first degree and driving under the influence of alcohol ("DUI") for which 3 points

were assessed.  The second conviction was for DUI for which one point was assessed.  Defendant was also assessed an additional 3 points because he had been on state probation at the time of the federal crime and had committed this offense less than two years after his release from state imprisonment.  With a total of 7 criminal history points, Defendant was in criminal history category IV.

On May 25, 2005, the Court granted the Government's F.R.Cr.P. 35(b) motion of April 15, 2005 (Doc. 32) for reduction of Defendant's sentence for substantial assistance.  Defendant's sentence was reduced from 188 months to 144 months.  (Doc. 34.)

On April 24, 2008, Defendant Jonah Ortiz filed a "Motion for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)" ("Motion", Doc. 35.)

The Court, by minute order, initially construed Defendant's Motion as a Motion under 28 U.S.C. § 2255.  (Minute Order, dated April 29, 2008, Doc. 36, amended on May 6, 2008, Doc. 37.)  On May 12, 2008, the Court vacated its amended minute order construing Defendant's Motion as a motion pursuant to Section 2255.  (Doc. 38.)

The following day, on May 13, 2008, the Government filed its "Memorandum in Opposition to Defendant's 2255 Petition" ("Opposition", Doc. 39), apparently without having had the opportunity to review the Court's minute order allowing

Defendant's Motion to proceed under Section 3582(c)(2) as opposed to Section 2255. Regardless, the Government's Opposition appropriately addresses the substance of Defendant's Motion, so the Government need not file an additional response.

## ANALYSIS

Section 3582(c)(2) provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>
> *   *   *
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582.

Defendant contends that Amendment 709 to the November 1, 2007 revisions to the United States Sentencing Commission Guidelines would now permit his driving under the influence conviction ("DUI") to be treated as a non-qualifying misdemeanor/petty offense under USSG § 4A1.2(c), such that it would not count toward the calculation of his criminal history.

Amendment 709, adopted by the U.S. Sentencing Commission

effective November 1, 2007, addressed the computation of criminal history scores in two areas: (1) the counting of multiple prior sentences as "single" or "separate" sentences (previously called "related sentences") and (2) the counting of certain misdemeanor or petty offenses subject to a probationary term.  See USSG, App. C, Amend. 709.

The criminal history used to calculate Defendant's sentence placed him in criminal history category IV.  Defendant contends that, in light of Amendment 709, the Court has discretion to reduce his criminal history score by one point to category III.

As the Government point out, Amendment 709 did not change Application Note 5 to Guideline § 4A1.2 which provides:

> Sentences for Driving While Intoxicated or Under the Influence.  Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted.  Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).

The sentencing range upon which the Court based Defendant's sentence has not "subsequently been lowered by the Sentencing Commission".  18 U.S.C. § 3582(c)(2).  Defendant's term of imprisonment does not fall under any exception allowing the Court to modify a defendant's sentence.  Accordingly, the Court finds it has no basis upon which to recalculate Defendant's criminal history category score and reduce Defendant's sentence.  The Court finds that Defendant's criminal history points and criminal history category were properly calculated.

**CONCLUSION**

For the foregoing reasons,

(1) Defendant Jonah Ortiz's "Motion for Modification of Sentence Pursuant to 18 U.S.C. Section 3582(c)(2)" (Doc. 35) is **DENIED**; and

(2) Defendant Jonah Ortiz's Request for Extension of Time and Appointment of Counsel (Doc. 40, 41) is **DENIED AS MOOT**.

IT IS SO ORDERED.

DATED: June 17, 2008, Honolulu, Hawaii.



    /s/ Helen Gillmor
Chief United States District Judge

_____

United States v. Ortiz; Crim. No. 02-00522; **ORDER DENYING DEFENDANT JONAH MELQUIDAS ORTIZ'S MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND DENYING AS MOOT REQUEST FOR EXTENSION OF TIME AND APPOINTMENT OF COUNSEL**